IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MARIO A. MATA and LILY C. MATA
Plaintiffs,

-vs-                                                        Case No. A-18-CA-352-SS

WELLS FARGO BANK, N.A. as Trustee for
SABR Trust 2004-OPI, Mortgate Pass-Through
Certificates, Series 2004-OPI,
Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Wells Fargo Bank, N.A., as Trustee for SABR Trust 2004-OP1, Mortgage Pass-Through Certificates, Series 2004-OP1 (Wells Fargo)'s Motion to Dismiss [#3]. Plaintiffs Mario A. Mata and Lily C. Mata (the Matas) filed no response. Having reviewed the document, the governing law, and the file as a whole, the Court now enters the following opinion and order GRANTING the motion.

### Background

This is a wrongful foreclosure lawsuit relating to real property located at 2804 Hubbard Circle, Austin Texas (the Property).

As recited by this Court in prior lawsuit, on December 3, 2003, Mr. Mata executed a home equity note in the principal amount of $380,000. Removal Notice [#1-1] Ex. A (Pet.) ¶ 8; *see also Wells Fargo Bank v. Mata*, A-14-CA-00909-SS, 2016 WL 7616627, at *1 (W.D. Tex. Oct. 12, 2016). The Note was secured by a Deed of Trust (Security Instrument) on the Property (collectively,

Loan Agreement). Pet. ¶ 9. Wells Fargo is the current holder of the Note and Security Instrument. *Id.* Mr. Mata defaulted in 2009. *Id.*

On October 1, 2014, Wells Fargo filed a foreclosure proceeding in this Court, which found Wells Fargo entitled to summary judgment (Lawsuit I). *See* Pet. ¶ 10; *see also Wells Fargo Bank*, 2016 WL 7616627. In particular, this Court held:

> [Wells Fargo] properly notified [the Matas] of their default and its intent to accelerate. Since then, [the Matas] have failed to cure their default and have offered no valid defense to this judicial foreclosure action. Instead, they have lived rent free for almost eight years. Based on the foregoing, the Court finds [Wells Fargo] is entitled to judicial foreclosure and sale of the Property as a matter of law.

*Wells Fargo Bank*, 2016 WL 7616627, at *5. This Court entered a judgment that Wells Fargo was permitted to foreclose on the Property. The Matas appealed.

The Fifth Circuit affirmed this Court's summary judgment decision on a single issue—Wells Fargo's right to foreclosure was not barred by statute of limitations—but noted this Court's finding "Wells Fargo did in fact have the right to foreclose and that none of the Matas' objections are valid" "was carefully reasoned . . . ." *Wells Fargo Bank, Nat'l Ass'n for SABR Tr. 2004-OPI, Mortgage Pass-Through Certificates, Series 2004-OPI v. Mata*, 694 F. App'x 336, 337 (5th Cir. 2017).

On September 7, 2017, Select Portfolio Servicing, Inc., acting as the servicer of the Matas' loan, notified Mr. Mata that the Property would be scheduled for a November 7, 2017 sale. Pet. ¶ 12. On October 4, 2017, Wells Fargo, through its foreclosure counsel, noticed the Property for a foreclosure sale to take place on November 7, 2017, and provided a Notice of Posting and Sale to each of the Matas. *See* Pet. Ex. D, E (Notices).

On the morning of November 7, 2017, the Matas filed a lawsuit in state court to enjoin the foreclosure sale (Lawsuit II). *See Mata v. Wells Fargo Bank*, No. 1:17-cv-1094-SS (W.D. Tex. Dec. 17, 2017). The foreclosure sale proceeded as scheduled. Mot. Dismiss [#3-2] Ex. B (Foreclosure Sale

Deed). The Matas nonsuited Lawsuit II almost simultaneously with Wells Fargo's removal of the suit to this Court. *See* Mot. Dismiss, *Mata*, No. 1:17-cv-1094-SS. This Court therefore dismissed Lawsuit II. *See* Order of Dec. 14, 2017, *Mata*, No. 1:17-cv-1094-SS.

On April 20, 2018, the Matas filed the present lawsuit in state court, alleging Ms. Mata did not receive a notice of default and an opportunity to cure that default prior to receiving notice of a foreclosure sale set for November 7, 2017 (Lawsuit III). Pet ¶¶ 7, 10, 12. The Matas seek (1) a temporary restraining order enjoining Wells Fargo from selling, taking possession of, or disturbing the Matas' possession of the Property during this suit, (2) invalidation of the Substitute Trustee's Sale of the Property, and (3) a ruling "the defectiveness that occurred in the alleged foreclosure [was] so serious that the alleged foreclosure of Plaintiffs' home was null and void." *Id.* ¶ 18. On April 27, 2018, Wells Fargo removed the case to this Court.

Wells Fargo now moves to dismiss the Matas' claims, arguing the Matas fail to state a claim for relief. The Matas did not respond and Wells Fargo's motion is ripe for a decision.

## Analysis

### I. Legal Standard—Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although

a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

Wells Fargo argues this case must be dismissed because the Matas' wrongful foreclosure claims are barred by the doctrine of res judicata as this Court previously entered a judgment permitting Wells Fargo to foreclose on the Property in Lawsuit I, a judgment which was affirmed by the Fifth Circuit.

The Court agrees with Wells Fargo. Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent

jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

Here, all four elements of the test are satisfied. First, the parties in this case are identical to the parties in Lawsuit I. Second, a court of competent jurisdiction, this Court, rendered a judgment in Lawsuit I. Third, Lawsuit I was concluded by a final judgment on the merits and affirmed by the Fifth Circuit. *See Wells Fargo Bank*, 694 F. App'x at 337.

Fourth, the same claim or cause of action was involved in both Lawsuit I and this suit. In order for the fourth element of res judicata to be satisfied, the two actions must be based on the same "nucleus of operative facts." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007). "Moreover, 'it is black-letter law that *res judicata* . . . bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication.'" *Bradford v. Law Firm of Gauthier, Houghtaling & Williams, L.L.P.*, 696 F. App'x 691, 695 (5th Cir. 2017) (quoting *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983)).

In the present case, Lawsuit III, the Matas' sole contention for setting aside the foreclosure is the allegation Wells Fargo failed to send Mrs. Mata notice of default and provide her with an opportunity to cure prior to the sale. Pet. ¶¶ 12–18. Essentially, the Matas complain Wells Fargo failed to provide proper notice of foreclosure following the judgment permitting foreclosure from Lawsuit I. *See id.* In Lawsuit I, this Court concluded Wells Fargo properly notified the Matas of their default after examining Wells Fargo's notice procedure. *Wells Fargo Bank*, 2016 WL 7616627, at *5. The allegation Ms. Mata did not receive proper notice could have been raised in Lawsuit I but was not. *See* Am. Compl.,*Wells Fargo Bank*, 2016 WL 7616627. In fact, the summary judgment evidence from Lawsuit I showed Ms. Mata did receive notice of default and opportunity to cure when Wells Fargo commenced the foreclosure proceedings that eventually culminated in the

November 7, 2017 foreclosure. Mot. Summ. J. [#48-1] Ex. A-5 (2009 Notices), *Wells Fargo Bank*, 2016 WL 7616627. Thus, the Matas' claims in this lawsuit arise out of the same nucleus of operative facts as Lawsuit I and could have been properly raised in Lawsuit I. The instant suit is barred by res judicata and this case must be dismissed.

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Wells Fargo Bank, N.A., as Trustee for SABR Trust 2004-OP1, Mortgage Pass-Through Certificates, Series 2004-OP1's Motion to Dismiss [#3] is GRANTED.

SIGNED this the 21st day of May 2018.

*Sam Sparks*
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE